IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TONY WILLIS and wife,<br>ALISA WILLIS,<br><br>    Plaintiffs,<br><br>v.<br><br>RHINOAG, INC.,<br>  an Illinois Corporation, and<br>WEASLER ENGINEERING, INC.,<br>  a Wisconsin Corporation,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil No. 1:19-cv-01276-STA-jay<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
OF DEFENDANT WEASLER ENGINEERING**

Plaintiffs filed this products liability action in the Circuit Court of Dyer County, Tennessee, alleging that Plaintiff Tony Willis was injured while operating a mower manufactured by Defendant RhinoAg, Inc. Plaintiffs filed an amended complaint on October 24, 2019, adding Weasler Engineering, Inc., as a defendant. According to the amended complaint, Weasler manufactured an allegedly defective component part of the mower. Weasler removed the matter to this Court on November 26, 2019, pursuant to 28 U.S.C. § 1332, diversity of citizenship. (ECF No. 1.) Defendant Weasler has filed a Motion for Judgment on the Pleadings for lack of personal jurisdiction pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 23.) Plaintiffs have filed a response to the motion (ECF No. 24), and Defendant has filed a reply to the response. (ECF No. 25.) For the reasons set forth below, Defendant's motion is **GRANTED**.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Procedure 12(b).[1] *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). If a properly supported motion to dismiss or motion for judgment on the pleadings is filed, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the Court has jurisdiction. *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974).

The plaintiff bears the burden of establishing that personal jurisdiction exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). This can be accomplished by alleging, with reasonable particularity, facts that demonstrate sufficient contacts between each defendant and the forum state to justify the Court's exercise of personal jurisdiction over the defendant. *See e.g.*, *Healthcare Capital, LLC v. HealthMed, Inc.*, 213 F. Supp. 2d 850, 855 (S.D. Ohio 2002) (citation omitted) (discussing standard of review for Rule 12 motions). The Court may (1) decide the motion on affidavits alone, (2) permit discovery in aid of deciding the motion, or (3) conduct an evidentiary hearing to resolve any factual questions. *See Theunissen*, 935 F.2d at 1458. The Court has discretion to select which method it will follow and will only be reversed for abuse of that discretion. *See Michigan Nat. Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir.1989) ("A trial court, at its discretion, may rule on a Fed. R. Civ. P. 12(b)(2) motion on the basis of affidavits alone, or may choose to permit discovery in aid of the motion or conduct an evidentiary hearing on the merits of the motion."); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1239 (6th Cir. 1981) (affirming district court's order denying leave to conduct jurisdictional discovery when

---

[1] Rule 12(b)(2) provides for dismissal for lack of personal jurisdiction.

"there [was] no reasonable basis to expect that further discovery would reveal contacts sufficient to support personal jurisdiction"); *Miller Indus. Towing Equip. v. NRC Indus.*, 2020 WL 1897171 (E.D. Tenn. Apr. 16, 2020) (stating that "it is well within the Court's discretion to deny a plaintiff's request for jurisdictional discovery [when], as here, the plaintiff makes only speculative allegations.").

In this case, Plaintiffs have requested time to conduct discovery before the Court issues a ruling on Defendant's motion in order to obtain evidence that the mower in question is sold in many states with Weasler's component part and that the mower is used throughout the country. The request is denied because Plaintiffs have "failed to present any jurisdictional facts or 'colorable basis for jurisdiction' in response to [Defendant's motion] and supporting affidavit" and, instead, they rely on "'mere speculation' or unsupported 'hope' that discovery will uncover inaccuracies in [Defendant's] affidavit." *Brown v. Way*, 2011 WL 3555631 at *5 (E.D. Mich. Mar. 31, 2011), *rep. & rec. adopted*, 2011 WL 3555618 (E.D. Mich. Aug. 5, 2011) (citation omitted).

In support of their response, Plaintiffs have presented the affidavit of Lee Hastings, a former co-owner of Tri-County Equipment Company, the entity that sold the mower to Plaintiffs. (ECF No. 24-1.) As noted by Defendant, the affidavit is based on hearsay and conjecture (e.g., "Mr. Willis brought the shaft piece to our dealership and, **as I understand it**, showed it to Mr. Hendrix and our mechanics." (emphasis added)), but, even if taken as true, the affidavit fails to raise any factual question for which discovery could provide a basis for personal jurisdiction over Weasler; instead, in essence, it merely states that Weasler, a Wisconsin-based, Delaware corporation, furnished a component part to RhinoAG for assembly in Illinois. (*Id.* at p. 1.) Plaintiffs cite no Tennessee connection with respect to Weasler nor any facts leading to an inference that Weasler targeted Tennessee in relation to Plaintiffs' mower or this case in general.

Even if Plaintiffs were permitted to proceed with discovery to show that mowers with Weasler's component part are sold in "many" states, such discovery would be irrelevant to the issue of whether Weasler engaged in purposeful, deliberate actions relating to this lawsuit targeting Tennessee, as discussed below. Accordingly, Plaintiffs have not shown that discovery on the issue of personal jurisdiction is warranted.

The burden on a plaintiff when presented with a motion to dismiss or for judgment on the pleadings for lack of personal jurisdiction changes, depending on the approach that the Court takes in deciding the issue. When, as here, the parties have not conducted jurisdictional discovery and the Court has not held an evidentiary hearing, "the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Theunissen*, 935 F.2d at 1458. In this procedural posture, "the pleadings and affidavits ... are received in a light most favorable to the plaintiff," and the Court "does not weigh the controverting assertions of the party seeking dismissal." *Id.* at 1459. The plaintiff's prima facie case must establish that: "(1) jurisdiction is proper under a long-arm statute or other jurisdictional rule of ... the forum state; and (2) the Due Process Clause also allows for jurisdiction under the facts of the case." *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). If either part of this test is not met, the analysis ends, and the Court may not exercise personal jurisdiction over the defendant. *Id.* at 711-12. Dismissal is proper only if all the facts presented by the plaintiff fail to state a prima facie case for jurisdiction. *See CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

The standard to be used in determining whether a court has personal jurisdiction over a defendant when an evidentiary hearing is not held is as follows.

> As the plaintiff, Neogen has the burden of establishing the district court's personal jurisdiction over *NGS Nationwide Mut'l Ins. Co. v. Tryg Int'l Ins. Co.*, Ltd., 91 F.3d 790, 793 (6th Cir.1996). Because the district court did not conduct an evidentiary hearing on the issue of personal jurisdiction in considering NGS's motion to

> dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Neogen "need only make a prima facie showing of jurisdiction." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Neogen can meet this burden by "establishing with reasonable particularity sufficient contacts between [NGS] and the forum state to support jurisdiction." *Provident Nat'l Bank v. California Fed. Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.1987). Under these circumstances, this court will not consider facts proffered by the defendant that conflict with those offered by the plaintiff, *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989), and will construe the facts in the light most favorable to the nonmoving party in reviewing a dismissal pursuant to Rule 12(b)(2).

*Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).

The Court must apply the law of the state in which it sits, subject to due process limitations, to determine whether personal jurisdiction exists over a nonresident defendant in a diversity action. *See Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980). Tennessee's long-arm statute provides that nonresidents of Tennessee are subject to personal jurisdiction on "[a]ny basis not inconsistent with the constitution of this state or of the United States."[2] T.C.A. § 20-2-214(6). Tennessee courts have construed this statute to allow the exercise of personal jurisdiction "to the full limit allowed by due process." *Third Nat'l Bank v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)

---

[2] Specific acts which may subject a nonresident to the jurisdiction of the courts of Tennessee are:
1) The transaction of any business within this state;
(2) Any tortious act or omission within this state;
(3) The ownership or possession of any interest in property located within this state;
(4) Entering into any contract of insurance, indemnity or guaranty covering any person, property or risk located within this state at the time of contracting;
(5) Entering into a contract for services to be rendered or for materials to be furnished in this state ….

Tenn. Code Ann. § 20-2-214. However, ultimately, the Court must only determine whether the exercise of personal jurisdiction satisfies due process. *See Aristech Chem. Int'l v. Acrylic Fabricators*, 138 F.3d 624, 627 (6th Cir. 1998) ("[W]hen a state's long-arm statute reaches as far as the limits of the Due Process Clause, the two inquiries merge and the court 'need only determine whether the assertion of personal jurisdiction ... violates constitutional due process.'").

5

(quoting *Masada Inv. Corp. v. Allen*, 697 S.W.2d 332, 334 (Tenn. 1985)). Because Tennessee's long–arm statute reaches to federal constitutional limits, the Court must determine whether the assertion of personal jurisdiction over Defendant would violate the Due Process Clause.

In *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), the United States Supreme Court held that an exercise of personal jurisdiction over a nonresident defendant satisfies constitutional due process if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 316 (internal quotations omitted). Under the "minimum contacts" test there are two types of personal jurisdiction: (1) "general" or "all-purpose" jurisdiction and (2) "specific" or "case-linked" jurisdiction. *First Cmty. Bank, N.A. v. First Tenn. Bank*, 489 S.W.3d 369, 384–85 (Tenn. 2015) (citing *Int'l Shoe Co.*, 326 U.S. at 317–18).[3]

A court may assert general jurisdiction over an out-of-state defendant only when the defendant's "affiliations with the State in which suit is brought are so constant and pervasive 'as to render [him or her] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The Supreme Court held in *Daimler* that directly selling a product into a state is insufficient to establish general jurisdiction. *Id.* at 131. If directly selling a product into a state is insufficient to establish general jurisdiction, *a fortiori*, authorizing those sales through a third party is also not sufficient.[4]

---

[3] After *International Shoe*, "specific jurisdiction has become the centerpiece of modern jurisdiction theory, while general jurisdiction [has played] a reduced role." *Daimler AG v. Bauman*, 571 U.S. 117, 128 (2014) (citations omitted.)

[4] A defendant's placing goods into the stream of commerce "with the expectation that they will be purchased by consumers within the forum State" may indicate purposeful availment under a specific jurisdiction analysis, as discussed below. *See World–Wide Volkswagen Corp. v.*

General personal jurisdiction only exists when the defendant's connection to the forum state is so systematic and continuous that the defendant is considered "essentially at home" in the forum state, i.e., a corporation's state of incorporation or principal place of business. Weasler asserts, and the Court agrees, that Plaintiffs cannot establish that Weasler is "at home" in Tennessee in order to establish general personal jurisdiction.

The unrefuted Declaration of Daniel Kappler (ECF 23-1) provides as follows. Kappler is Weasler's Director of Agriculture and has been employed by Weasler since 1988. Weasler is a corporation formed in Delaware with its principal place of business in West Bend, Wisconsin. Weasler has never been organized in or principally based in Tennessee and does not have any offices or facilities in Tennessee. Weasler does not have a registered agent for service of process in Tennessee, nor is it a business registered with the Tennessee Secretary of State. Weasler does not own or lease any real or personal property or have any other assets in Tennessee. Weasler does not have any employees who reside in or work out of an office in Tennessee. Weasler does not manufacture its products, including component parts, in Tennessee.

The Declaration further states that, assuming the mower had an original component part manufactured by Weasler, Weasler manufactured and sold that part directly to the Alamo Group Inc. ("Alamo"), a corporate parent or affiliate of RhinoAG located in Gibson City, Illinois. The component part from Weasler was shipped to Alamo/RhinoAG in Illinois and not to Tennessee. Weasler does not sell component parts directly to the end user customer. Weasler does not have any control over how Alamo does business, including selling or marketing its final assembled products, such as the mower alleged to have been involved in this lawsuit.

---

*Woodson*, 444 U.S. 286, 298 (1980).

Plaintiffs have pointed to no evidence to show that Weasler's "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe*, 326 U.S. at 318. For a corporation, the "paradigm" bases for jurisdiction are "the place of incorporation and principal place of business" because they are "unique," "easily ascertainable," and "afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Daimler*, 571 U.S. at 118 (quotations omitted). A plaintiff must show that the defendant's "affiliations with [the forum state] are so constant and pervasive 'as to render [it] essentially at home'" there. *Id.* at 122. Absent exceptional circumstances, a "foreign corporation" is "at home" only in the states in which it is incorporated and where it maintains its principal place of business.[5] *Id.* at 137.

Here, the Court lacks general personal jurisdiction because Weasler's contacts with Tennessee do not satisfy the "essentially at home" test. It is undisputed that Weasler is not incorporated under the laws of Tennessee and does not maintain its principal place of business in Tennessee. Plaintiffs do not dispute that Weasler does not maintain an office address or any other business facility in Tennessee, does not own or lease any real or personal property in Tennessee, has no assets or bank accounts in Tennessee, has no employees who reside or work in Tennessee, and does not manufacture its products in Tennessee. Plaintiffs do not allege that any exceptional circumstances exist which would otherwise subject Weasler to general personal jurisdiction in

---

[5] The Supreme Court has stated that, in an exceptional case, a "corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. 117, 139 n.19 (citing *Perkins v. Benfuet Consol. Mining Co.*, 342 U.S. 437 (1952)). However, as in *Daimler*, this is not an "exceptional case" that would justify the assertion of general personal jurisdiction over Tennessee in a state other than its state of its incorporation and the state of its principal place of business.

Tennessee, despite being not being "at home" in Tennessee. Given that Weasler has no "continuous and systematic" contacts with Tennessee, Plaintiffs have failed to establish any basis for the exercise of general personal jurisdiction over Weasler.

As for specific jurisdiction, due process requires that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co.*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In determining whether a nonresident defendant has the requisite minimum contacts, the Court employs the three-part test followed in the Sixth Circuit:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

Due process requires that out-of-state defendants have "fair warning" that they could be "haled into" court in a foreign jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985). This requirement "is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum.... and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Id.* at 472 (citations omitted). The due process clause forecloses personal jurisdiction unless the actions of the "defendant himself ... create[d] a 'substantial connection' with the forum State." *Id.* at 475 (citations omitted). *See also Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 112 (1987) (action of defendant must be purposefully directed toward forum state). Once the Court has found that the defendant purposefully established the requisite minimum contacts with the forum state, the Court still must determine whether the assertion of

9

jurisdiction comports with "fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quoting *International Shoe*, 326 U.S. at 320).

Beginning with the first prong of the *Mohasco* analysis, the Sixth Circuit has held that the "purposeful availment" requirement is satisfied when the defendant's contacts with the forum state are such that "he should reasonably anticipate being haled into court there." *CompuServe, Inc.*, 89 F.3d at 1263. That is, the "purposeful availment" hurdle is overcome when the defendant's contacts with the forum state "proximately result from actions by the defendant himself that create a substantial connection with the forum State." *Id.* at 1263 (quoting *Burger King*, 471 U.S. at 475). Such deliberate contacts cannot be "random," "fortuitous," or "attenuated," *Burger King*, 471 U.S. at 475; however, in light of the "inescapable fact of modern life that a substantial amount of business is transacted solely by mail and wire communications across state lines," the absence of physical contact or presence in the state "will not defeat jurisdiction so long as the defendant is deliberately engaged in efforts within the state." *Id.* at 476.

With respect to purposeful availment, the Sixth Circuit has adopted the "stream of commerce 'plus' approach," under which "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposely directed toward the forum State." *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 479–80 (6th Cir. 2003) (quoting *Asahi Metal Indus. Co., Ltd.,* 480 U.S. at 112 (O'Connor, J.) (plurality op.)). In *One Media IP Ltd. v. S.A.A.R. SrL*, 122 F. Supp. 3d 705, 717 (M.D. Tenn. 2015), the Court looked to the following factors identified in *Eaves v. Pirelli Tire*, 2014 WL 1883791 (D. Kan. May 12, 2014), in its purposeful availment analysis in the stream of commerce plus context: (1) the defendant's direction or control over the flow of the product into the forum; (2) the quantity of the defendant's

particular product regularly flowing into the forum; and (3) the distinctive features of the forum that connect it with the product in question.

The *One Media* Court found that the plaintiff had not met its burden to show that the defendant purposely availed itself of the privilege of transacting business in Tennessee because the defendant did not control the flow of product into Tennessee specifically and instead contracted with retail distribution websites located outside of Tennessee, those distributors controlled the digital files outside of Tennessee after delivery from the defendant, and users contracted with those entities (not the defendant) to purchase the digital files. *Id.* at 718. Thus, the defendant did not directly contract with end consumers in Tennessee. The plaintiff also did not show that the defendant specifically marketed its product to Tennesseans directly or indirectly or that the defendant otherwise specifically directed any sales to occur in Tennessee. The defendant's broad intention to target the United States through a third party was not sufficient to establish purposeful availment. *Id.*; s*ee also AESP v. Signamax*, 29 F. Supp.3d 683, 690-91 (E.D. Va. 2014) (finding no specific personal jurisdiction when "record reflects no more than that defendant might expect that the products would eventually be sold somewhere in the United States, including [the forum state]").

As to the second prong, the Court must determine whether the cause of action arises from the defendant's activities in the state. The Sixth Circuit has stated that the "arising from" requirement is satisfied when the operative facts of the controversy arise from the defendant's contacts with the state. *Mohasco*, 401 F.2d at 384. "Only when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that contract." *Id.* As to the third prong, the Sixth Circuit has stated that "when the first two elements are met, an inference arises that the third, fairness, is also present;

only the unusual case will not meet this third criterion." *First National Bank of Louisville v. J.W. Brewer Tire Co.*, 680 F.2d 1123, 1126 (6th Cir. 1982). To find specific jurisdiction, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). As a result, "the plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285.

Plaintiffs have failed to show that Weasler purposefully directed any activities related to Plaintiffs' mower to Tennessee. The amended complaint contains no allegation that Weasler did something within Tennessee or took any action targeting Tennessee with respect to Plaintiff's mower. Paintiffs do not allege that Weasler designed the component part in Tennessee, manufactured the component part in Tennessee, distributed the component part to any entity in Tennessee, or sold the component part to Plaintiffs or anyone else in Tennessee. Instead, Weasler designed and manufactured its component part outside of Tennessee and sold it to the manufacturer of the mower, RhinoAG or its affiliate, Alamo, in Illinois. Weasler has no control over where Alamo does business, sells or markets its final assembled products.

Accordingly, there is no basis to find specific personal jurisdiction in Tennessee. To the extent the component part ended up in Plaintiffs' mower and was used in Tennessee, that amounts to "random," "fortuitous," "attenuated" contacts or because of the "unilateral activity of another party," namely Alamo/RhinoAG, not because Weasler targeted the sale or distribution of its original equipment component part for use in Tennessee by the Plaintiff.

At best, Weasler's manufacture and sale of its component part(s) to Alamo/RhinoAG in Illinois amounts to placing a product in the stream of commerce and nothing more. However, Weasler is not subject to personal jurisdiction under Tennessee's long-arm statute merely because it "placed its products into channels of national commerce," and its "activities outside of the state

result[ed] in consequences with[in] the State." (Resp. p. 2, ECF No. 24.) As the Supreme Court held in *World-Wide Volkswagen Corp.*, "the mere likelihood that a product will find its way into the forum State" is not alone sufficient to establish a deliberate, purposeful availment of that state's marketplace such that specific personal jurisdiction is appropriate. 444 U.S. 297. Plaintiffs have not alleged that Weasler purposefully availed itself of jurisdiction in Tennessee or that its actions amount to purposeful availment; rather, Plaintiffs merely assert that Weasler "should have known that the parts they produced were going to be assembled in an inherently dangerous piece of farm equipment." (2nd Amd. Compl. ¶ VII, ECF No. 1-3.) Even if Weasler's component part was intended for use in certain RhinoAG's mowers such as Plaintiffs' mower, this fact does not give rise to reasonable foreseeability of litigation in Tennessee or purposeful availment on the part of Weasler. Plaintiffs have failed to allege facts sufficient to show that Weasler's alleged conduct was purposefully directed toward Tennessee or that Weasler had sufficient minimum contacts with Tennessee necessary to justify specific personal jurisdiction.

Because Plaintiffs have not met their "slight burden" of establishing a basis for personal jurisdiction over Defendant Weasler, Defendant's motion for judgment on the pleadings is **GRANTED**, and Weasler is dismissed from the action.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  May 18, 2020